IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 AUG 12 PM 3: 24
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| E.I. PRODUCTS, INC., | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | **A10CA 603LY** |
| vs. | § | |
| MOLENAAR, LLC, | § | |
| Defendant. | § | A JURY IS DEMANDED |

## COMPLAINT

Plaintiff, E.I. Products, Inc. ("E.I. Products") for its Complaint against Defendant Molenaar LLC ("Molenaar") alleges as follows:

### THE PARTIES

1. E.I. Products is a corporation organized and existing by virtue of the laws of the State of Texas, which maintains an office and principal place of business at 55 Second Street, Maxwell, Texas 78556.

2. Upon information and belief, Molenaar is a limited liability company existing by virtue of the laws of the State of Minnesota, with a principal place of business at 601 Highway 40 W, Willmar, Minnesota 56201. Molenaar is doing business in the Western District of Texas, and may be served with process by serving its officers Steve Molenaar, Robert Haskins or Brian Robinson at its principal place of business.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C § 271 *et seq*. The Court has personal jurisdiction over the Defendant because Molenaar has committed acts within Texas and this Judicial District giving rise to the action and Molenaar has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

## VENUE

4. Plaintiff, E.I. Products does business and has an office in Caldwell County Texas in this judicial District. Upon information and belief, Molenaar has, directly or through intermediaries (including distributors, retailers and others), committed acts within this judicial District that give rise to the action and does or has done business in this District, including, but not limited to, placing one or more of its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this District. Venue is proper in this District pursuant to 78 U.S.C §§1391(b), (c) and 1400(b).

## THE PATENTS AT ISSUE

5. On September 2, 1997, United States Patent No. 5,662,408 ("the '408 Patent") was duly and legally issued to Joseph E. Marschen, inventor, and assigned to Austin Innovations, Inc. for "Simple Plug in Night Light Having a Low Profile." A true and correct copy of the '408 Patent is attached hereto and marked "Exhibit A".

6. On July 27, 2004, George Kasee acquired all right, title and interests of Austin Innovations, Inc., including an assignment of the '408 Patent. On that same day, George Kasee assigned all rights in the '408 Patent to Plaintiff, E.I. Products, Inc. Both

assignments have been properly recorded at the United States Patent and Trademark Office.

7. E.I. Products is the sole and exclusive owner of all right, title and interest in and to the '408 Patent (subject only to non-exclusive licenses granted thereunder).

8. Since at least as early as 1997, E.I Products and/or its predecessor in interest, Austin Innovations, Inc., has made, used and sold nightlights incorporating the inventions set forth in the '408 Patent. At all such times, substantially all such products have been marked with the designation "U.S. Patent No. 5,662,408".

## PATENT INFRINGEMENT

9. E.I. Products refers to and incorporates all proceeding paragraphs as though fully set forth herein.

10. Upon information and belief, since the issuance of United States Patent No. 5,662,408 and within the two (2) years last past, Molenaar, without the consent of Plaintiff and with full knowledge of the '408 Patent and of Plaintiff's rights thereunder, has willfully, wantonly and deliberately infringed the '408 Patent by making and selling night lights that embody and employ the inventions defined by the claims in the '408 Patent and may continue to do so unless enjoined by this Court.

11. Upon information and belief, Molenaar manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale products that infringe one or more claims of the '408 Patent; and/or Molenaar induces and/or contributes to infringement of one or more claims of the '408 Patent.

12. Upon information and belief, Molenaar manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale electroluminescent night lights including, but not limited to, the Molenaar Model Nos. 2017 and 2019 night lights.

13. Before filing this Complaint, Plaintiff gave Defendant written notice of its acts of infringement but, notwithstanding such notice, Defendant has nevertheless continued infringing the '408 Patent.

14. Upon information and belief, Molenaar is infringing one or more claims of the '408 Patent including but not limited to claims 5 and 10, under 35 U.S.C. § 271, by performing, without authority, one or more of the following acts: (i) making, using, offering to sell, and selling within the United States the patented invention of one or more claims of the '408 Patent; (ii) importing into the United States the patented invention of one or more claims of the '408 Patent; and (iii) indirectly infringing one or more claims of the '408 Patent by means of inducing infringement and/or contributory infringement.

15. E.I. Products has been damaged by Molenaar's willful infringement of the '408 Patent but is unable to state at this time the amount of damages sustained; and Plaintiff may be further irreparably damaged by Defendant's infringement unless such infringement is enjoined by this Court.

16. Because of its infringing acts, Plaintiff Molenaar is liable to E.I. Products in an amount to adequately compensate E.I. Products for the Defendant's respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284. Because Molenaar's acts of infringement were willfully committed with full knowledge of E.I. Products' patent rights, the damages may be increased up to three times in accordance with the same section of the Statute.

17. Molenaar may continue to infringe the claims of the '408 Patent unless enjoined. The Defendant's continued acts of infringement would irreparably harm and cause damage to E.I. Products. E.I. Products would have no adequate remedy at law to redress such continuing acts of infringement. The hardships that would be imposed upon

Molenaar by an injunction would be less than those faced by E.I. Products should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

18. E.I. Products is in compliance with the requirements of 35 U.S.C. § 287.

19. As a result of Molenaar's acts of infringement, E.I. Products has suffered and will continue to suffer damages in an amount to proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a) That an injunction be entered by this Court enjoining Defendant, its officers, agents, servants, employees and attorneys, and those in active concert, participation or privity with any of them, from directly or indirectly making or causing to be made and selling or causing to be sold any apparatus, device or article which embodies and/or employs the inventions defined by the claims in United States Patent No. 5,662,408;

(b) A judgment that Molenaar has infringed the '408 Patent, as alleged herein, directly and/or indirectly by way of contributor infringement and/or inducing infringement of the '408 Patent, as alleged herein;

(c) That Plaintiff be awarded judgment against Defendant for damages together with pre-judgment and post-judgment interest for said infringement and, because of the willful, wanton and deliberate nature of said infringement, that the damages be compounded up to three time the amount found;

(d) That Defendant be ordered to pay the cost of the action and Plaintiff's attorney fees; and,

(e) That Plaintiff be granted such other and further relief as the circumstances of the case may require and to this Court seem proper and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

Dated: August 11, 2010

By: _____
John C. Cain (Texas State Bar No. 00783778)
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Suite 600
Houston, Texas 77070
(832) 446-2400  Telephone
(832) 446-2424  Facsimile

William D. Raman (Texas State Bar No. 16492700)
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P.
221 W. 6th Street, Suite 950
Austin, Texas 78701
(512) 473-2550  Telephone
(512) 473-2555  Facsimile

**ATTORNEYS FOR PLAINTIFF,
E I PRODUCTS, INC.**

Of Counsel:

Jason R. Foringer (Texas State Bar No. 24045884)
General Counsel, E.I. Products
55 Second Street
Maxwell, Texas 78656
(512) 357-2776 Telephone
(512) 357-2786 Facsimile